### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY GARRETT, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 06-CV-0002-CVE-SAJ |
| BRUCE HOWARD, Warden, | ) |
| Respondent. | ) |

### OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 11). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-2076. See Dkt. #1. Petitioner avers and the docket sheet for the case confirms that on July 30, 2004, Petitioner was convicted on his plea of guilty to two (2) counts of Injury to Minor Child. See Dkt. # 1; Docket Sheet viewed at www.oscn.net. He was sentenced to seven (7) years with four (4) years in custody and three (3) years suspended, and a $500 fine on Count 1, and to five (5) years with four (4) years in custody, and one (1) year suspended on Count 2, with the sentences to be

served concurrently.  Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  See id.

The record reflects that Petitioner made no effort to challenge his convictions and sentences for a full year.  The docket sheet for Case No. CF-2003-2076 reflects that on August 1, 2005, one (1) full year after being sentenced, Petitioner filed a petition for 365 day judicial review.  By order filed August 8, 2005, the letter request for judicial review was denied.  Thereafter, on August 15, 2005, Petitioner filed an application for post-conviction relief.  That application was denied by order filed September 23, 2005.  Petitioner appealed to the OCCA, and by order filed November 14, 2005, in Case No. PC-2005-1015, the OCCA affirmed the district court's denial of post-conviction relief.

On January 3, 2006, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Dkt. # 1).  The Court notes that Petitioner executed the "Declaration Under Penalty of Perjury" on December 27, 2005.  See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2003-2076, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentence, or on August 9, 2004. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on August 9, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 9, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150

3

F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period.[1] Petitioner's application for post-conviction relief was filed August 15, 2005, or six (6) days beyond the August 9, 2005, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, Petitioner's petition, filed at the earliest on December 27, 2005, appears to be untimely.

In response to Respondent's motion to dismiss, Petitioner asserts that the Court should deny Respondent's motion and consider his claims because he was denied a direct appeal through no fault of his own. See Dkt. # 12. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The record before the

---

[1] Petitioner filed a petition for judicial review in the state district court on August 1, 2005, prior to expiration of the federal limitations period. Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. The district court docket sheet for Petitioner's case reflects that his motion was denied by order filed August 8, 2005. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished). The Tenth Circuit Court of Appeals has indicated in an unpublished opinion that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for judicial review does not serve to toll the § 2244(d)(1) statute of limitations applicable to Petitioner's conviction in Tulsa County District Court, Case No. CF-2003-2076.

Court demonstrates that Petitioner did not diligently pursue his claims. After having entered a guilty plea on July 30, 2004, Petitioner first presented his claims to the state courts by way of his application for post-conviction relief filed August 15, 2005. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

The Court also rejects Petitioner's contention that the running of his one-year limitations period should begin on November 14, 2005, when the OCCA affirmed the state district court's denial of post-conviction relief. As indicated above, section 2244(d)(1) provides only four (4) possible start dates for the limitations period. The conclusion of post-conviction proceedings is not one of them. Instead, Petitioner's one-year period for the claims raised in this petition began to run when the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review. As determined above, that date was August 9, 2004, when Petitioner failed to file a motion to withdraw his guilty pleas as required to perfect a *certiorari* appeal under Oklahoma law.

Lastly, the Court rejects Petitioner's claim that he should be afforded "latitude" due to inadequacies of his prison's legal research facilities. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). Petitioner's allegations in this case are conclusory and insufficient to justify equitable tolling. He neither alleges that he requested legal resources which were denied, nor explains how the lack of such resources prevented his timely filing. He presents only a bare allegation regarding inadequacies in the resources

available at his institution's library.  Such vague and conclusory allegations do not justify equitable tolling. Miller, 141 F.3d at 978 (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate").  There is simply no evidence in this case that Petitioner diligently pursued his federal claims during the limitation period and was somehow misled by the State about his rights.

The Court concludes that Petitioner is not entitled to equitable or statutory tolling of the limitations period.  This action is time-barred.  Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 25th day of July, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT